**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

YAHKIMA GOMEZ-KA'DAWID,

          Plaintiff(s),
   v.

LESTER WRIGHT, Assistant Deputy
Commissioner, DR. DEACEVEDO,
TICHENOR, DR. WHALEN, MR. B.
LECUYER, Head Nurse Practitioner,
MS. WREST, Nurse Practicioner, MS.
OBERTEAN, Nurse Practioner, R.
WOODS, Superintendent, LIEUTENANT
LAREAU, SERGEANT R. LYNCH, SERGEANT
P. WEST, SERGEANT MENARD, C.O. G.
DELANEY, C.O. MARTIN, C.O. TYLER
and RABBI FRIEDMAN,

          Defendant(s).

**DECISION AND ORDER**
08-CV-6530

### Preliminary Statement

Plaintiff brings the instant action pursuant to 42 U.S.C. § 1983 for alleged violations of his First, Eighth and Fourteenth Amendment rights.  See Complaint (Docket # 1).  In his Complaint, plaintiff alleges, *inter alia*, that he has suffered the denial of his right to freely practice his religion, excessive harassment, cruel and unusual punishment and use of excessive force.  Id. Currently pending before the Court are plaintiff's motions for appointment of counsel (Docket # 27) and for an extension of time (Docket # 31).

### Discussion

**I.   Plaintiff's Motion to Appoint Counsel**

With the instant motion to appoint counsel, plaintiff asserts

that the appointment of counsel is necessary because he "can't focus, concentrate, I continuously hear voices" and proclaims to require "strong medication" for mental health issues. (Docket # 27). For the reasons that follow, plaintiff's motion for appointment of counsel (Docket # 27) is **denied without prejudice to renew**.

Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988). An assignment of counsel is a matter within the judge's discretion. In re Martin-Trigona, 737 F.2d 1254, 1260 (2d Cir. 1984). "There is no requirement that an indigent litigant be appointed pro bono counsel in civil matters, unlike most criminal cases." Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994). The factors to be considered in deciding whether or not to assign counsel were set forth by the Second Circuit in Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986):

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Applying the factors set forth in Hodge, I find that plaintiff's allegations satisfy the initial threshold showing of merit. See, e.g., Mackey v. DiCaprio, 312 F. Supp. 2d 580, 582 (S.D.N.Y. 2004)(court found plaintiff's Eighth Amendment claims that defendants subjected him to cruel and unusual punishment satisfied the threshold showing of merit); Allen v. Sakellardis, 2003 WL 22232902, at *1-2 (S.D.N.Y. Sep. 29, 2003)(finding that plaintiff's allegations that corrections officers assaulted him while he was restrained might have merit). However, having reviewed the Complaint and considered the nature of the factual and legal issues involved, as well as the plaintiff's ability to present his claims, I conclude that appointment of counsel is not warranted at this particular time. See Hodge, 802 F.2d at 61-62.

"Volunteer lawyer time is a precious commodity" that "should not be allocated arbitrarily." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Plaintiff has drafted coherent and appropriate pleadings, his 39 page pro se Complaint is detailed in nature and describes quite well the events surrounding his claims. See Castro v. Manhattan E. Suite Hotel, 279 F. Supp. 2d 356, 358 (S.D.N.Y. 2003)(denying appointment of counsel after noting that "there is no indication that [plaintiff] lacks the ability to present his case"). While the Court does not doubt plaintiff's mental health issues, the record here does not suggest that these issues have "significantly hampered" his ability to prosecute his

case. Indeed, plaintiff's motion for an extension and for a preliminary injunction (Docket # 31), which was filed two months <u>after</u> his motion to appoint counsel, reflect a well written, coherent and rational request for relief. Accordingly, I find that plaintiff's request to be appointed *pro bono* counsel is not warranted at this time. <u>See</u> <u>Walters v. NYC Health Hosp. Corp.</u>, No. 02 Civ. 751 (JGKDF), 2002 WL 31681600, at *2 (S.D.N.Y. Nov. 25, 2002)(finding that plaintiff's arguments that his alleged mental illness, limited knowledge of the law, and his belief that the case was complex were belied by plaintiff's extensive legal filings which demonstrated that plaintiff's "purported disability has not significantly hampered Plaintiff's ability to prosecute his case to date"). Plaintiff may consult with the Western District *pro se* office for questions on process and procedure.

## II.   Plaintiff's Motion for an Extension

With the instant motion, plaintiff seeks an extension of time to file a motion to join other parties or to amend pleadings. (Docket # 31). Pursuant to the Court's Scheduling Order (Docket # 25), the deadline to file a motion to amend was August 8, 2011. Plaintiff filed the instant motion on August 18, 2011, requesting that the Court "forgive the tardy filing" and grant "an extension of 60-90 days," *i.e.* an extension until approximately November 8, 2011. (Docket # 31). To date, plaintiff has not filed a motion to

join other parties or to amend pleadings.  Accordingly, the Court hereby Orders that plaintiff's motion for an extension (Docket # 31) is **denied as moot.**

Finally, all the deadlines in the Court's Scheduling Order (Docket # 25) entered on June 8, 2011 have expired.  Neither party has requested an extension of time regarding discovery and defense counsel has not made a dispositive motion or indicated an intention to do so.  Accordingly, this Court will transfer the file to Judge Larimer so that a trial date may be established.  Should Judge Larimer determine that the appointment of counsel would provide substantial assistance to plaintiff during trial he may, of course, revisit the appointment of counsel issue (see Section I, *supra*) at that time.

## Conclusion

Plaintiff's motion to appoint counsel (Dockets # 27) is **denied without prejudice to renew.**  Plaintiff's motion for an extension of time (Docket # 31) is **denied as moot.**
**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:   March 20, 2012
         Rochester, New York

5