```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

YAHKIMA GOMEZ-KA'DAWID,

               Plaintiff,

     -vs-

LESTER WRIGHT, Assistant Deputy
Commissioner; DR. DEACEVEDO, TICHENOR,
DR. WHALEN, MR. B. LECUYER, Head Nurse
Practitioner; MS. WREST, Nurse
Practitioner; MS. OBERTEAN, Nurse
Practitioner; R. WOODS, Superintendent;
LIEUTENANT LAREAU; SERGEANT R. LYNCH;
SERGEANT P. WEST; SERGEANT MENARD; C.O.
G. DELANEY; C.O. MARTIN; C.O. TYLER; and
RABBI FRIEDMAN,

               Defendants.

**DECISION AND ORDER**

No. 08-CV-6530(MAT)

_____

## I. Introduction

Pro se plaintiff Yahkima Gomez-Ka'Dawid ("Plaintiff") instituted this action pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights while he was incarcerated at Clinton, Upstate, Comstock, and Wende Correctional Facilities. On December 20, 2012, Defendants filed a motion to dismiss pursuant to Local Rule 5.2(d) of the Western District of New York's Local Rules of Civil Procedure. (Dkt. #41). For the reasons discussed below, Defendants' motion is granted, and the complaint is dismissed with prejudice.

**II.   Factual Background and Procedural History**

When Plaintiff filed the instant action on November 21, 2008, he listed his address as being in Alden, New York. (Dkt #1). At a later point in the litigation, Plaintiff listed his address as Auburn, New York. (Dkt #12). Defendants' counsel sent a letter to Plaintiff at his then-listed address (Sing Sing Correctional Facility in Ossining, New York) on November 29, 2012. However, this letter was returned as "unclaimed/unable to forward" on December 5, 2012. See Declaration of Assistant Attorney General Hillel Deutsch, Esq. ("Deutsch Decl.") (Dkt #41-2).

At the time of Defendants filed their motion to dismiss in December 2012, Plaintiff's address was listed as Sing Sing. However, the records of the New York State Department of Corrections and Community Supervision ("DOCCS") records showed that Plaintiff had been released from custody on October 25, 2012, and, as of December 20, 2012, he had not updated his address. See Hillel Decl. (Dkt #41-2).

On December 31, 2012, the Court (Larimer, D.J.) issued a text order in regards to Defendants' motion to dismiss, informing Plaintiff that "THE CLAIMS PLAINTIFF ASSERTS IN HIS COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF HE DOES NOT RESPOND TO THIS MOTION." (Dkt #42; caps in original). The next docket entry is dated January 8, 2013, and notes that the text order (Dkt #42) sent to Plaintiff was "[r]eturned as [u]ndeliverable." (Dkt Entry

1/08/13). A text order dated January 15, 2013, sent to Plaintiff also was returned as undeliverable, with the further notation that Plaintiff was no longer at the given address. (Dkt Entry 1/28/13).

The matter was transferred to the undersigned on March 13, 2013.

**III. Discussion**

Plaintiff's failure to apprise the Court of his release from a DOCCS' facility and his new address constitutes a violation of the procedural rules for the Western District of New York ("W.D.N.Y.")–namely, Local Rule ("L.R.") 5.2(d) which provides that a "party appearing pro se must furnish the Court with a current address at which papers may be served on the litigant." W.D.N.Y. L.R. 5.2(d). This rule further requires that "the Court must have a current address at all times." Id. Thus, "a pro se litigant must inform the Court immediately in writing of any change of address. Failure to do so may result in dismissal of the case with prejudice." Id. As other federal courts have noted, "'[i]t is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions." Dansby v. Albany Cty Corr. Facility, No. 95-CV-1525, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (quoting Perkins v. King, No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) and citing, inter alia, Williams v. New Orleans Public Service, Inc., 728 F.2d 730 (5th Cir. 1984);

Wilson v. Atwood Group, 725 F.2d 255 (5th Cir. 1984) (en banc)).

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may, in its discretion, dismiss an action based upon a plaintiff's failure to prosecute an action or comply with any order of the Court. Link v. Wabash R.R. County Independent School Dist., 370 U.S. 626 (1962). The Second Circuit "review[s] district court decisions to dismiss a case under this rule for abuse of discretion only[.]" LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (citing Romandette v. Weetabix Co., 807 F.2d 309, 312 (2d Cir. 1986)). Although the Second Circuit has cautioned that "a Rule 41(b) dismissal remains a harsh remedy to be utilized only in extreme situations[,]" LeSane, 239 F.3d at 209 (internal quotations omitted), this sanction is necessary to allow courts "to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." Link, 370 U.S. at 630. Accord, e.g., Fusco v. Craig, No. 9:05-CV-1425 (FJS/DEP), 2006 WL 3761984, at *1 (N.D.N.Y. Dec. 20, 2006) (citing Rodriguez v. Walsh, No. 92-Civ-3398, 1994 WL 9688, at *1 (S.D.N.Y. Jan. 14, 1994) (citing Peart v. City of New York, 992 F.2d 458, 461 (2d Cir. 1993) (affirming dismissal with prejudice where plaintiff's counsel failed to comply with two court orders and otherwise demonstrated a lack of respect for the court); Ali v. A & G Co., 542 F.2d 595,

596 (2d Cir. 1976) (Where plaintiffs' counsel did not inform court of defendants' failure to submit discovery until eve of date set for trial, long after date by which discovery was supposed to have been completed, and plaintiffs and attorney had not arranged their affairs so as to be available for trial date which was known well in advance, dismissal for want of prosecution was not an abuse of discretion)).

In determining whether involuntary dismissal under Rule 41(b) is appropriate, the Second Circuit considers five main factors, none of which is dispositive: "(1) the duration of the plaintiff's failures; (2) whether the plaintiff had received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; and, (5) whether the judge has adequately assessed the efficacy of lesser sanctions." Shannon v. General Elec. Co., 186 F.3d 186, 193-94 (2d Cir. 1999) (quotation omitted); accord, e.g., LeSane, 239 F.3d at 209-10.

Since his release to parole supervision in October 2012, Plaintiff has had approximately five (5) months to update the Court of his new address, which is more than enough time to fulfill his obligation under Local Rule 5.2(d). The Second Circuit has

emphasized the importance of first giving the pro se litigant a direct warning that his case will be dismissed for failure to prosecute. E.g., Drake v. Norden Sys. Inc., 375 F.3d 248, 251 (2d Cir. 2004). Here, the Court attempted to do so after Defendants filed their motion in December 2012, but the text order was returned as undeliverable. Further attempts to notify Plaintiff would be futile as the Court has no means by which to get in contact with Plaintiff. See Reynoso v. Selsky, No. 02-CV-6318 CJS, 2011 WL 3322414, at *3 (W.D.N.Y. Aug. 2, 2011) ("While the Court could issue an Order to Show Cause directing Plaintiff to explain why this matter should not be dismissed for failure to prosecute pursuant to Federal Rule 41(b), . . . it is established that Plaintiff is not at his last known address and has not been for over a year. Such an order would therefore be futile."). Moreover, the fact that Plaintiff notified the Court of his previous address changes strongly suggests he was aware of his obligations under Local Rule 5.2(d). Id. (citing Fenza v. Conklin, 177 F.R.D. 126, 127 (N.D.N.Y. 1998) (stating that plaintiff was "clearly aware" of requirement to inform the Court of a change in address, having done so twice before)).

With respect to prejudice, Defendants' counsel notes that Plaintiff's failure to update his address is effectively foreclosing their efforts to defend this lawsuit. In particular, Defendants' November 29, 2012 letter that was returned as

undeliverable sought discovery of certain documents, including copies of grievances filed by Plaintiff, necessary for defending this action. Defendants' counsel notes that because the events underlying the Complaint are now more than five years old, and DOCCS does not maintain grievance files for more than five years, Plaintiff is the only party likely to possess such documents.

Finally, the need to eliminate the court calendar congestion and availability of lesser sanctions both weigh in favor of dismissal. The inability of the Court and Defendants' counsel to communicate with Plaintiff means that "the matter will remain pending indefinitely without the possibility of resolution. Under the circumstances of this case, sanctions short of dismissal would obviously be meaningless." Reynoso v. Selsky, 2011 WL 3322414, at *4.

**IV.  Conclusion**

For the reasons discussed above, the instant action is dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, based upon Plaintiff's failure to prosecute this action; and Rule 5.2(d) of the Western District of New York's Local Rules of Civil Procedure, based upon his failure to advise the Court of a current address. Defendants' motion to dismiss (Dkt #41) is granted, and Plaintiff's complaint (Dkt #1) is dismissed. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Decision and Order would not be taken in good faith and

leave to appeal to the Court of Appeals as a poor person is denied. The Clerk of the Court is requested to close this case.

**IT IS SO ORDERED.**

```
                              S/Michael A. Telesca
                      _____
                         HONORABLE MICHAEL A. TELESCA
                         United States District Judge
```

DATED:   Rochester, New York
         March 15, 2013